UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY, | |
| Plaintiff, | Case No. 3:23-cv-00275 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| PHILIP E. SMITH et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Pro se Plaintiff Gary Montgomery, a pretrial detainee in the custody of the Davidson County Sheriff's Office, filed this action against the Estate of Judge Philip E. Smith, Lesley Burnett Montgomery, Doug Rogers, Birthright Title, Property Title Services, Regal Realty Group, Vicki Hertl, Five Stones, LLC, d/b/a Exit Real Estate Solutions, Brandon Schneider, William H. Stover, Unknown Closing Title Company, and Jonathan Taylor, asserting claims under 42 U.S.C. § 1983, the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 101, and tort claims under Tennessee law. (Doc. No. 1.) Montgomery paid the Court's civil filing fee. (Doc. No. 1-1.) Defendants Rogers, Birthright Title, Property Title Services, Exit Real Estate Solutions, and Schneider (collectively, the defendants) have appeared in the case, filed waivers of service of process, and moved to dismiss Montgomery's claims against them. (Doc. Nos. 23, 24, 27, 28.)

This Memorandum Order addresses two motions filed by Montgomery. The first is a "Motion for an Order to Compel and for Monetary Sanctions" in which Montgomery asks the Court to compel the defendants to produce an unredacted version of documents that their lawyer attached to a settlement letter to Montgomery, impose monetary sanctions against their lawyer,

and deem the defendants to have been served. (Doc. No. 15, PageID# 171.) The defendants have opposed the motion. (Doc. No. 16.)

The second is a "Motion to Restrict Counsel Among Defendants[,]" in which Montgomery asks the Court to prevent his former wife, Defendant Lesley Burnett Montgomery (hereinafter, Lesley), from hiring Defendant William H. Stover to represent her in this action. (Doc. No. 26.) Neither Lesley nor Stover has appeared in the action and no other defendant has responded to this motion.

For the reasons that follow, Montgomery's motion to compel will be denied in part and found moot in part, and his motion to restrict counsel will be denied.

I. **Relevant Background**

This case concerns, in relevant part, property located at 382 Lakeview Circle in Mount Juliet, Tennessee, and Montgomery's 401k retirement account, which "purchase[d] [the property] as its first investment holding." (Doc. No. 11, PageID# 70, ¶ 24.) Montgomery alleges that Lesley and Defendant Jonathan Taylor, who were involved romantically, "create[d] a fictitious story alleging [that] [Montgomery] planned to have [Lesley] killed" to cause Montgomery's arrest—a scheme devised so that Lesley and Taylor could raid Montgomery's 401k plan and take control of his property and other assets. (*Id.* at ¶ 27.) Montgomery alleges that Judge Smith, who presided over the Montgomerys' divorce proceedings, ruled that the 401k plan was marital property and granted Lesley's request to be a plan trustee. Lesley then listed the property for sale and received a purchase counteroffer from Defendant Doug Rogers.

Montgomery alleges that he objected to the sale by writing to "all real estate [professionals], real estate firms and title companies involved" in the transaction and filed a "lis pendens notice" on the property to prevent its sale. (*Id.* at PageID# 79, 80, ¶¶ 62, 65.) Montgomery asserts that he "has no paperwork regarding the closing of the sale transaction even though he

requested [it from Lesley] via Stover[,]" who represented Lesley in their divorce. (*Id.* at PageID# 80, ¶ 67.) Montgomery states that he objected to Stover's representation of Lesley in the divorce proceeding because Stover had previously represented Montgomery and Lesley to "evict Taylor from" a rental property owned by the 401k plan and, thus, had a conflict of interest. (*Id.* at PageID# 72, ¶ 35.)

The Court screened Montgomery's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and determined that it stated a colorable claim under ERISA and that the Court would exercise supplemental jurisdiction over Montgomery's state-law tort claims. (Doc. No. 3.) The Court also allowed Montgomery's § 1983 claims against Smith's estate to proceed. (*Id.*) Montgomery filed an amended complaint that contains additional factual allegations and adds Defendant Thomas Longaberger.[1] (Doc. Nos. 8, 11.)

On August 31, 2023, Kevin T. Williams, counsel for the defendants, mailed Montgomery an "[o]ffer of [s]ettlement [m]ade [p]ursuant to Federal Rule of Evidence 408[,]" which Montgomery has attached as an exhibit to his motion to compel. (Doc. No. 15-1, PageID# 178.) In the letter, Williams asserted that Montgomery is "clearly aware" that "none of [Williams's] [c]lients had anything to do with the purchase, sale, or 'closing' of the [Mount Juliet] property[,]" and "that all [Montgomery is] seeking from [his] [c]lients is the identity of the correct parties to sue." (*Id.* at PageID# 178, 179.) Williams offered to provide Montgomery "documents from the fall of 2022" regarding the alleged sale of the property in exchange for Montgomery's "execution and delivery of a Settlement Agreement . . . and an Agreed Order of Dismissal with Prejudice" of Williams's clients. (*Id.* at PageID# 180.) Williams enclosed "***redacted*** examples of the

---

[1] Montgomery removed Unknown Closing Title Company as a defendant in his amended complaint. (Doc. No. 11.)

document[s] that [he] will turn over to [Montgomery] in un-redacted form" if Montgomery agreed to the settlement. (*Id*.) Montgomery apparently rejected the settlement offer and filed the present motions.

II. Analysis

  A. **Motion for an Order to Compel and for Monetary Sanctions**

Montgomery asks the Court to sanction Williams under Federal Rules of Civil Procedure 11 and 37 for his "attempt to extort, bully, or otherwise intimidate [Montgomery] by withholding pertinent and relevant information unless [Montgomery] capitulate[s] and agree[s] to dismiss his 'clients with prejudice . . . or else." (Doc. No. 15.) He also asks the Court to require Williams to provide unredacted copies of the documents he included with his settlement offer and to deem Williams's clients to have been served. (*Id.*) The Court addresses each request in turn.

  1. **Service of Process**

There is no dispute that Montgomery mailed service waivers to Property Title Services, Exit Real Estate Solutions, Schneider, Rogers, and Birthright Title. In his settlement offer letter, Williams acknowledged receipt of the waiver requests and stated that he "expect[ed] to accept service in short order" on behalf of his clients. (Doc. No. 15-1, PageID# 178.) The docket reflects that Williams subsequently signed the waiver requests on behalf of his clients, served copies on Montgomery by mail, and filed copies with the Court. (Doc. No. 23, 24.) The defendants have therefore waived service of process, and Montgomery's request that the Court otherwise deem the defendants to have been served is found moot.

  2. **Production of Unredacted Documents**

Williams's letter to Montgomery begins with statement that the defendants he represents had, upon becoming aware of Montgomery's civil and criminal litigation history, "thought it prudent to not proceed in any fashion with consummating any transaction what-so-ever relating to

4

the Property" and terminated their contract negotiations. (Doc. No. 15-1.) Williams recounts Montgomery's history of pro se litigation in this Court and states that, if Montgomery does not agree to his proposed settlement, Williams "will request that the Court award my clients monetary sanctions against you" and dismiss Montgomery's claims as frivolous. (*Id.*) Williams states his "opinion that all [Montgomery is] seeking from [his] Clients is the identity of the correct parties to sue." (*Id.*) Williams then offers to provide Montgomery "documents from the fall of 2022 regarding the purchase, sale, and 'closing' of the Property including the relevant Warranty Deed; Deed of Trust (which, in essence, functions as a mortgage in Tennessee); MLS listing; webpages from applicable closing company(ies); and a modest narrative of how closings 'work' in Middle Tennessee" if Montgomery agrees to dismiss his claims against Williams's clients with prejudice and enter into a settlement agreement with a liquidated damages provision for its breach. (*Id.*) Williams attached redacted copies of the promised documents to the offer letter.

Montgomery now asks the Court to compel Williams to produce the unredacted versions of those documents. Williams responds that the documents are protected by the attorney-client privilege and the attorney work-product doctrine because they were "generated in response to the instant action." (Doc. No. 16, PageID# 205 (citing Fed. R. Civ. P. 26(b)(3)(A)).) Williams further argues that the unredacted documents were part of a settlement offer and that, because Montgomery rejected the settlement, he may not now have the benefit of the proposed bargain. (*Id.* at PageID# 205.)

The Court finds Williams's second argument persuasive. Williams offered the redacted documents in exchange for Montgomery's dismissal of his claims against Williams's clients. Montgomery rejected that deal. The Court has no basis on which to override that negotiation. Montgomery may choose to request the unredacted documents as part of discovery and, if the

defendants object to those requests, the Court can evaluate those specific requests and objections. But the present procedural posture is fatal to Montgomery's request.[2]

The motion to compel production of these documents will be denied without prejudice.

### 3. Monetary Sanctions Against Defense Counsel

Montgomery asks the Court to sanction Williams under Federal Rules of Civil Procedure 11 and 37 for the "intimidation tactic" and "extortion scheme" of his settlement offer. (Doc. No. 15, PageID# 173.) Montgomery argues that Williams's references to Montgomery's litigation history, statement that this action is frivolous, and promise to seek sanctions against Montgomery if he did not dismiss his claims against defense counsel's clients are sanctionable conduct. (Doc. No. 15-1.)

Rules 11 and 37 do not provide the relief Montgomery seeks. Rule 37, which governs discovery disclosures and related sanctions, does not apply because none of this conduct took place in discovery. *See* Fed. R. Civ. P. 37 (failure to make disclosures or to cooperate in discovery; sanctions). Rule 11 states that a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In turn, Rule 11(b) is limited to pleading and motion abuse. *See* Fed. R. Civ. P. 11(b) (applying to "pleading[s], written motion[s], or other paper[s]" "present[ed] to the court"); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1333 (4th ed. supp. Apr. 2023) ("[T]he rule's express reference to pleadings, written motions, and other papers covers a wide range of documents that are commonly *filed* in a civil action in a United States

---

[2] Williams suggests that the Court consider Montgomery's motion as if he had requested the documents through formal discovery and the defendants had declined to produce them on attorney-client privilege and work product grounds. The Court declines to circumvent the usual procedures in this way.

district court." (emphasis added)) Settlement offers and agreements privately exchanged between parties are not "filing[s] at all, much less the type of baseless filing that Rule 11 seeks to prevent," and "Rule 11's 'other paper' language does not include settlement agreements."[3] *Austin v. Mobifyi, LLC*, No. 2:20-cv-02285, 2020 WL 7138630, at *34 (W.D. Tenn. Dec. 7, 2020). Rule 11 is not concerned with private negotiations between parties and does not apply here.

Montgomery's motion will be denied as to his request for monetary sanctions against counsel for the defendants.

### B. Motion to Restrict Counsel Among Defendants

Montgomery filed a one-paragraph document titled "Motion to Restrict Counsel Among Defendants[,]" in which he asks the Court to "restrict" Lesley "to using counsel other than William Stover" and prevent "[the new] counsel [representing Lesley from] . . . collud[ing] with Stover." (Doc. No. 26.) Montgomery argues that Stover and Lesley—both defendants in this action— "worked together to bring about fraud, theft[,] and diversion of funds and may have co-opted Judge Smith, with or without his knowledge in their scheme" in the Montgomerys' divorce proceedings. (*Id.*)

There is nothing in the record to show that Stover is representing Lesley in this action— neither defendant has appeared—and Montgomery's motion must fail for that reason. At the very least, it is not ripe for decision. Moreover, Montgomery has not identified any legal authority to support the relief he seeks. To the extent Montgomery seeks to disqualify Stover as counsel for Lesley, Montgomery has not addressed the necessary elements of the Sixth Circuit's three-part test for disqualification of counsel: (1) a past attorney-client relationship between the party seeking

---

[3] The Court became aware of this settlement letter when Montgomery attached it as an exhibit to his motion for sanctions. (Doc. No. 15-1.)

disqualification and the attorney it seeks to disqualify; (2) in substantially related proceedings in which (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990). The movant has the burden of proving that opposing counsel should be disqualified. *McKinney v. McMeans*, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001); *Bartech Indus., Inc. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). Here, Montgomery does not offer any evidence to support his one-paragraph motion, other than that Lesley and Stover "worked together to bring about fraud, theft[,] and diversion of funds and may have co-opted Judge Smith[.]" *See Dana Corp.*, 147 F. Supp. 2d at 900.

Montgomery's motion will be denied without prejudice.

### III. Conclusion

Accordingly, Montgomery's motion for an order to compel and for monetary sanctions (Doc. No. 15) is DENIED WITHOUT PREJUDICE IN PART AND FOUND MOOT IN PART.

Montgomery's motion to restrict counsel among defendants (Doc. No. 26) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

8

Case 3:23-cv-00275   Document 42   Filed 11/17/23   Page 8 of 8 PageID #: 393