UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP E. SMITH *et al.*,<br><br>    Choose an item.. | Case No. 3:23-cv-00275<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* and incarcerated Plaintiff Gary Montgomery's "Motion to Set Aside Judgment of Dismissal for all Defendants and all Conversion Claims" (Doc. No. 83) wherein he asks the Court for relief from its order that adopted the Magistrate Judge's August 19, 2024 Report and Recommendation (R&R) and granted four separate motions to dismiss (Doc. Nos. 75, 77).

For the reasons that follow, the Magistrate Judge will recommend that Montgomery's motion be granted and he be permitted time to raise objections to the R&R.

**I.    Relevant Background**

On February 2, 2026, the Court issued an Order to Show Cause why Montgomery's remaining claims in this action should not be dismissed for his failure to effect service of process on Defendants Lesley Burnett Montgomery (LBM) and Jonathan Taylor as required by Federal

Rule of Civil Procedure 4(m). (Doc. No. 81.) Montgomery timely responded on February 12, 2026,[1] and explained that

> Plaintiff does not currently have any address by which he can provide notice of this reply. However, except for LBM and Taylor. Plaintiff will immediately secure an investigator to obtain their currently mailing addresses to provide to the Court and for future filings. Otherwise, plaintiff is not trained in what to do in this situation. Any assistance from the Court would be appreciated.

(Doc. No. 82 at 2.) Included in his show cause response is a lengthy explanation that the Tennessee Department of Corrections (TDOC) moved Montgomery from the Davidson County Sheriff's Office (DCSO), where he initiated this action, to the TDOC intake facility at the Bledsoe County Correctional Complex (BCCX). (*Id.* at 1.) Montgomery asserts that he "was in this restricted intake environment for at least six (6) months" before eventually being transferred to the Morgan County Correctional Complex (MCCX). (*Id.*)

Incorporating the explanation found in his show cause response, Montgomery also filed a Motion to Set Aside Judgment of Dismissal for all Defendants and all Conversion Claims. (Doc. No. 83.) Citing the multiple transfers to TDOC facilities, Montgomery asserts that he stopped receiving the Court's orders and other filings shortly after being transferred to BCCX. (Doc. No. 82.) Montgomery specifically avers that he never received the R&R addressing four separate

---

[1]     Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). The rationale for this rule is that "*pro se* prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988) (emphasis in original).

Courts assume, "absent contrary evidence," that an incarcerated person handed over a pleading to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. Here, however, the Court will refer to the date the respective TDOC facilities acknowledge receiving Montgomery's fillings, where available.

motions to dismiss[2] (Doc. No. 75) and, therefore, he did not have the opportunity to object to the Magistrate Judge's recommendation that the motions to dismiss be granted (Doc. No. 82).

On September 9, 2024, the Court accepted the Magistrate Judge's recommendation in full and dismissed Montgomery's claim against all but three defendants. (Doc. No. 77.) As described above, the record shows that Defendants LBM and Taylor have not been served or made appearances in this action. As to the third remaining defendant, Thomas Longaberger, the Clerk of Court granted Montgomery's Second Motion for an Entry of Default on November 8, 2024. (Doc. No. 80.)

Montgomery avers that he did not receive the November 8, 2024 Order and, more broadly, he asks that the Clerk of Court

> send to him a copy of the Court's determination that some issues may go forward, the Magistrate's R & R, the Court's adoption of Magistrate's R & R, the Magistrate's September 10, 2024 Order to Show Cause, the Clerk's granting of his default motion, and anything filed by any defendant in two and a half (2 ½) years.

(Doc. No. 82 at 2.)

Ultimately, Montgomery seeks copies of prior orders and filings and an Order setting aside the dismissals of the claims as set forth in the R&R because he believes he may soon be released from prison and he would like to continue prosecuting this action. (*Id.*)

## II. Legal Standard

Montgomery does not specify under which authority the Court should grant relief from the orders of dismissal. However, construing his motion liberally as a *pro se* litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that Montgomery's arguments in support of his

---

[2] The Estate of Judge Philip E. Smith filed one motion (Doc. No. 43), as did William H. Stover (Doc. No. 47). Defendants Doug Rogers, Brandon Schneider, Birthright Title, Property Title Services, Exit Real Estate Solutions collectively filed a motion to dismiss (Doc. No. 27) and Vicki Hertel and Regal Realty Group filed a joint motion (Doc. No. 35).

motion implicate Rule 60(b) as a Motion for Relief from a Judgment or Order. Rule 60 sets forth motions seeking "Relief From a Judgment or Order" and provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1)    mistake, inadvertence, surprise, or excusable neglect;
>
>     (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>     (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>     (4)    the judgment is void;
>
>     (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>     (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Regardless of which provision Montgomery relies on, Rule 60 requires that "[a] motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1).

**III.**    **Analysis**

    **A.**    **Timeliness**

Montgomery filed the instant motion over seventeen months after the Court issued its order dismissing the claims against those defendants that filed motions to dismiss. Of the defendants that filed motions to dismiss that were the subjects of the R&R, Hertel, Stover, and Regal Realty Group each filed responses in opposition to the motion (Doc. Nos. 84, 85, 87), and Birthright Title, Exit Real Estate Solutions, Property Title Services, Doug Rogers, and Brandon Schneider collectively

filed a joinder to Stover's response in opposition (Doc. No. 86). All oppose Montgomery's motion as untimely under the Federal Rules of Civil Procedure.

In her response, Hertel argues that, although Montgomery did not articulate whether his motion was filed under Rule 59 or Rule 60, it is untimely under either circumstance. (Doc. No. 84.) The remaining responses focus solely on timeliness as controlled by Rule 60(b). (Doc. Nos. 85, 86, 87.) Hertel correctly asserts that a motion for relief under Rule 59 must be filed within twenty-eight days of an entry of judgment. Fed. R. Civ. P. 59(e). However, as detailed above, the Court construes Montgomery's request as a motion under Rule 60(b). *Cf. Moore v. Lee*, No.: 3:22-cv-363, 2023 WL 11897632, at *2 (E.D. Tenn. Nov. 16, 2023) (construing a *pro se* plaintiff's request as a Rule 60(b) motion where he did not articulate grounds for relief). *See also id.* (exercising discretion to "characterize [plaintiff's] filings in a way that best capture[d] the substance of those filings.") (quoting *United States v. Altiery*, No. 2:13-CR-42, 2022 WL 3971106, at *3 (E.D. Tenn. Aug. 30, 2022)).

Even construed liberally, the Court finds that Montgomery's motion does not allege that relief should be provided under Rule 60 due to newly discovered evidence or fraud, nor does his filing suggest relief should be granted because the judgment is void or has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(2)–(5). The Court thus construes Montgomery's motion as relying, in part, on 60(b)(1) and its "excusable neglect" provision.

Here, Defendants argue that Montgomery's Rule 60(b)(1) motion is untimely because "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (Doc. Nos. 84, 85, 86, 87 (citing Fed. R. Civ. P. 60(c)(1)).) Defendants' argument is correct that there is a one-year limit where a movant seeks relief on the theory of excusable neglect. Insofar as

Montgomery's motion relies on Rule 60(b)(1), the Court finds that it is untimely because he filed his motion well after the one-year limit.

As other courts have explained, however, "[i]f relief is not warranted under Rule 60(b)(1), the Court may then consider application of the 'catch-all provision' of Rule 60(b)(6)." *Wicks v. Hopkins Cnty. Det. Ctr.*, CIVIL ACTION NO. 4:20-CV-P158, 2023 WL 12079049, at *2 (W.D. Ky. Apr. 5, 2023) (citing *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014)). "Rule 60(b)(6) . . . applies in 'unusual and extreme situations where principles of equity mandate relief.'" *Cooper v. United States*, Case No. 3:19-cv-01007, 2023 WL 6690929, at *2 (M.D. Tenn. Oct. 12, 2023) (quoting *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)).

Unlike a Rule 60(b)(1) motion that must be filed within a reasonable time not to exceed one year after an entry of a judgment or order, a motion seeking relief under the catchall provision of Rule 60(b)(6) merely "'must be made within a reasonable time' after a judgment or order is entered." *Jackson v. Nagy*, No. 19-1002, 2019 WL 11753774, at *2 (6th Cir. Apr. 3, 2019) (quoting Fed R. Civ. P. 60(c)(1)). "Whether the timing of the motion is reasonable 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Id.* (quoting *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009).

### B. Equitable Relief Under the Circumstances

As explained above, Montgomery filed his motion for relief from the order adopting the R&R and granting Defendants' motions to dismiss seventeen months after the Court issued its Order. However, under the circumstances, the Court must determine whether Montgomery nevertheless acted within a reasonable amount of time.

Montgomery asserts that it was not until he received the Court's February 2, 2026 order to show cause that he became aware that Defendants' motions to dismiss were granted by order adopting the R&R. (Doc. No. 82 at 1.) Once notified, Montgomery promptly filed his response to the Order to Show Cause and filed the instant motion on February 12, 2026, just ten days after he learned of the Court's order. Montgomery's response to the show-cause order also sets out facts in support of this motion.

The docket reflects that, in Montgomery's April 25, 2024 Notice of New Mailing Address (Doc. No. 67), he avers that he was transferred from DCSO to BCCX on March 8, 2024, and states that he "ha[d] not received any filings . . . from the Court or any Defendants . . . since the last week of February [2024] . . . ." (*Id.* at 1.) Accordingly, Montgomery requested that any filings made in the intervening period be resent to him. (*Id.* at 2.) The Clerk's Office updated Montgomery's mailing address and mailed Montgomery a copy of the then-current docket sheet and copies of two summonses returned by the U.S. Marshals Service. (Doc. No. 68.) On May 21, 2024, mail addressed to Montgomery that included a copy of a returned summons was returned to the Clerk's Office with the notation "Return to Sender No Mail Receptacle Unable to Forward[.]" (Doc. No. 71.)

The docket further reflects that no additional action was taken until July 26, 2024, when Montgomery filed a second motion seeking an entry of default against Defendant Longaberger. (Doc. No. 72.) The address on that correspondence shows Montgomery was still incarcerated at the same BCCX address as that provided in his Notice of New Mailing Address. (Doc. Nos. 67, 72.) Roughly a month later on August 19, 2024, the Magistrate Judge filed her R&R and the docket reflects that a copy was sent to Montgomery by regular mail. (Doc. No. 75.) No mail was returned undeliverable nor did the Clerk's Office receive any response to the R&R, so the Court issued its

7

order adopting the R&R and dismissing Montgomery's claims on September 9, 2024. (Doc. No. 77.)

Although the Court issued Montgomery an order to show cause why his remaining claims against LBM and Taylor should not be dismissed for failure to effect service on September 10, 2024 (Doc. No. 78), no further action was taken by any of the parties until the Clerk's Office received Montgomery's notification of his change of address on November 8, 2024 (Doc. No. 79). In his notice, Montgomery explained that he was transferred to MCCX on October 24, 2024, and he requested that any mail sent to BCCX after that date be forwarded to his address at MCCX. (*Id.*)

Courts have clearly explained that "it is the litigant[,]" even a *pro se* litigant, "and 'not the court . . . who bears the burden of . . . 'monitor[ing] the court's docket." *Wicks*, 2023 WL 12079049, at *2 (second alteration in original) (quoting *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012)). The Court finds that, while there was some delay, Montgomery was mindful of updating his address and requesting copies of any outstanding filings during this time.

The fact that most undermines Montgomery's argument is that, after he notified the Court of his new address in November 2024, he took no other action for over one year. Montgomery attests that, while in TDOC's custody, "he was waiting for a response to his motions for default judgment and Summary Judgement[3]" but that he "did not receive anything from the Court regarding these motions" nor did he receive notice that the Clerk granted his second motion for

---

[3] Montgomery asserts that he was waiting on the status of a Motion for Summary Judgement, but there is no such motion on the docket. The Court assumes he meant Defendants' Motions to Dismiss that he previously briefed.

entry of default or any of the filings regarding the R&R, the Order, and Order to Show Cause. (Doc. No. 82 at 1.)

Under the procedural and logistical circumstances present here, the Court will exercise its discretion and grant Montgomery's motion. *Wicks*, 2023 WL 12079049, at *2 (recognizing courts have "broad discretion in ruling on a motion under Rule 60(b).") (citing *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). While Montgomery arguably waited an unreasonable amount of time to ascertain the status of his motions when he waited over one year, he responded promptly when notified by the Court's order to show cause that Defendants' motions to dismiss were granted. Moreover, and absent evidence that Montgomery has been or is now acting in bad faith, the Court "finds that manifest injustice would result from the failure to reopen these proceedings to allow objections to the R&R, such that 'principles of equity mandate relief' under Rule 60(b)(6)." *Cooper*, 2023 WL 6690929, at *3 (quoting *McGuire*, 738 F.3d at 750).

### IV. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that Montgomery's Motion to Set Aside Judgment of Dismissal for all Defendants and all Conversion Claims (Doc. No. 83), construed as a motion under Rule 60(b)(6), be **GRANTED**. The Magistrate Judge further **RECOMMENDS** that the Court's order entered September 9, 2024 (Do. No. 77) be **VACATED**, and this case be reopened for the limited purpose of allowing Montgomery to file objections to the Magistrate Judge's R&R (Doc. No. 75). As a result, the Magistrate Judge **RECOMMENDS** that the Clerk be **DIRECTED** to mail copies of the following docket entries to Montgomery:

- Memorandum Opinion of the Court (Doc. No. 3);
- the Magistrate Judge's R&R (Doc. No. 75);
- the September 10, 2024 Order to Show Cause regarding the yet-to-be served Defendants (Doc. No. 78); and

9

Case 3:23-cv-00275    Document 92    Filed 03/11/26    Page 9 of 10 PageID #: 623

- the Clerk's order granting Montgomery's Second Motion for Entry of Default (Doc. No. 80).

Although Montgomery seeks a copy of the service-related order to show cause, the Magistrate finds that his brief "Note[s] Regarding Service" (Doc. Nos. 82, 83) are a sufficient response for purposes of that order. Because Montgomery expresses a desire to employ the services of an investigator to identify addresses for Defendants LBM and Taylor, the Magistrate Judge **RECOMMENDS** that the Clerk be **DIRECTED** to mail Montgomery blank summonses and USM 285 forms for those two defendants.

Finally, the Magistrate Judge **RECOMMENDS** that Montgomery be **ORDERED** to return the complete summonses to the Clerk's Office within **30 DAYS** after receiving the blank forms and that upon return of the completed service packets, that **PROCESS SHALL ISSUE** to the defendants.

Any party has **14 DAYS** after being served with a copy of the Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of March, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge