# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GARY MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00275** |
| | ) | **Judge Aleta A. Trauger** |
| **PHILIP E. SMITH** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Before the court is the Motion to Set Aside Judgment of Dismissal for all Defendants and all Conversion Claims ("Motion to Set Aside") (Doc. No. 83), filed by *pro se* and incarcerated plaintiff Gary Montgomery. This motion seeks relief from the court's Order (Doc. No. 77) adopting the Magistrate Judge's August 19, 2024 Report and Recommendation ("2024 R&R") (Doc. No. 75) and granting four separate motions to dismiss. Also pending is the Magistrate Judge's Report and Recommendation ("2026 R&R") (Doc. No. 92), recommending that Montgomery's Motion to Set Aside be granted and, accordingly, that the court's Order (Doc. No. 77) accepting the 2024 R&R be vacated, that the case be reopened for the limited purpose of allowing Montgomery to file objections to the 2024 R&R, and that the Clerk be directed to forward to Montgomery copies of various documents he claims not to have received, including the Memorandum Opinion of the Court (Doc. No. 3); the 2024 R&R (Doc. No. 75); the September 10, 2024 Order to Show Cause regarding yet-to-be served defendants (Doc. No. 78); and the Clerk's order granting Montgomery's Second Motion for Entry of Default (Doc. No. 80). (*See* Doc. No. 92 at 9–10.)

Defendants Vicki Hertel and Regal Realty Group (the "Realty defendants") filed a Joint Objection (Doc. No. 93) and defendant William Stover filed his own Objection (Doc. No. 96) to the 2026 R&R. The plaintiff filed a Response to the Objections (Doc. No. 103).

## I.      STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II.      BACKGROUND

The 2026 R&R sets forth in some detail the relevant history of this case. Most important here is that, after the 2024 R&R was entered, the plaintiff did not file any objections, and this court entered an Order on September 9, 2024, accepting the recommendations and granting four Motions to Dismiss filed by defendants Rogers, Birthright Title, Property Title Services, Exit Real Estate Solutions, and Schneider (Doc. No. 27 ), the Realty defendants (Doc. No. 35 ), the Estate of Philip E. Smith (Doc. No. 43 ), and Stover (Doc. No. 47). The next day, the court entered an Order to Show Cause why the claims against two other defendants should not be dismissed under Rule 4(m) for failure to effect timely service of process. (Doc. No. 78.) The plaintiff did not respond to that Order either, though he filed a Notice of Change of Address on November 8, 2024, stating that he had been transferred to Morgan County Correctional Complex ("MCCC"). (Doc. No. 79.) Although he apparently believed he had received any mail sent prior to October 24, 2024 (*see id.*),

it seems fairly clear from the record that he had not received the 2024 R&R, the Order adopting the 2024 R&R, or the September 10, 2024 Show Cause Order.

Nothing else occurred in the case until the court filed a second Show Cause Order on February 2, 2026 (Doc. No. 81), to which Montgomery promptly responded. His Response explained that, while at MCCC, he had not received any filings from the court or any party after submitting his Notice of Change of Address and had simply been waiting for rulings on the pending motions. (Doc. No. 82.) On the same day, he also filed a Motion to Set Aside Judgment of Dismissal, "based on plaintiff's reasoning" in his Response to the Order to Show Cause. (Doc. No. 93.)

In light of these circumstances, and as explained in greater detail in the 2026 R&R, the Magistrate Judge exercised his discretion to construe the plaintiff's *pro se* Motion to Set Aside Judgment as filed under Rule 60(b)(6) and recommends that relief be granted under Rule 60(b)(6). The two sets of defendants object on the grounds that the motion should be construed under Rule 60(b)(1) and dismissed as untimely, having been filed more than one year after the Order the plaintiff seeks to set aside.

The court, having reviewed the record *de novo*, finds that the plaintiff was not merely negligent and agrees with the Magistrate Judge that what occurred here constitutes an "unusual and extreme situation[] where principles of equity mandate relief." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). The court adopts and incorporates herein, in its entirety, the Magistrate Judge's analysis.

## III.   CONCLUSION

For the reasons set forth herein, the 2026 R&R (Doc. No. 92) will be accepted and adopted in its entirety, and the two Objections (Doc. Nos. 93, 96) will be overruled. The plaintiff's Motion

to Set Aside (Doc. No. 83) will be granted, and the Order (Doc. No. 77) adopting the 2024 R&R (Doc. No. 75) will be vacated for the purpose of allowing the plaintiff to file objections to the 2024 R&R. In addition, the plaintiff must respond to the 2024 Order to Show Cause.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge