UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY,<br>Plaintiff,<br><br>v.<br><br>PHILIP E. SMITH et al.,<br>Defendants. | Case No. 3:23-cv-00275<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On August 11, 2026, plaintiff filed a motion to substitute a specific corporate entity for the fictitious "John Doe" corporate party that he had named "Unknown Closing Title Company." (Doc. No. 111.) There are two problems with plaintiff's request. First, plaintiff voluntarily removed the fictitious corporate party from the amended complaint that he filed on July 11, 2023 (Doc. No. 11), which is why the docket shows that the fictitious corporate party was terminated as of that date. Second, even if the fictitious corporate party remained in the case as a placeholder, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *see also Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (fictitious parties are not parties to a complaint because they were not identified or served with process); *accord Est. of Abdullah ex rel. Carswell v. Arena*, No. 12-14766, 2014 WL 1304725, at *4 (E.D. Mich. Mar. 28, 2014) (citing *Bufalino* and *Cox*).

A stepwise approach is the best solution to plaintiff's motion. Plaintiff has objections pending to Magistrate Judge Newbern's recommendation of dismissal. (Doc. No. 112.) Judge

Trauger has not yet ruled on the objections. If the entire case winds up dismissed for reasons that would not be affected by the addition of a corporate entity then any attempt at amendment would be futile. In contrast, if at least some part of this case survives dismissal then plaintiff could try to amend his pleading under Rule 15 and Local Rule 15.01 to add the specific corporate entity that he has identified as a potential defendant.[1] Prudence warrants waiting for the outcome of the objections.

**Conclusion**

For the foregoing reasons, the Court DENIES[2] plaintiff's motion to substitute party (Doc. No. 111) but without prejudice to the filing of a proper motion under Rule 15 and Local Rule 15.01 if at least some part of this case survives dismissal.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

[1] At this time, the Court takes no position on whether, in this scenario, any attempt at amendment would succeed.

[2] A motion to substitute parties is a nondispositive pretrial matter. *United States v. Holland*, No. 19CV02456, 2022 WL 5226274, at *2 (E.D.N.Y. Sept. 20, 2022) (citations omitted); *Grant v. Witherspoon*, No. 19CV2460, 2020 WL 71052, at *1 (S.D.N.Y. Jan. 3, 2020) (citations omitted).


Case 3:23-cv-00275 Document 115 Filed 09/09/26 Page 2 of 2 PageID #: 729