**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GARY MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00275** |
| | ) | **Judge Aleta A. Trauger** |
| **PHILIP E. SMITH *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

For the reasons set forth in the accompanying Memorandum, plaintiff Gary Montgomery's Objections (Doc. No. 112) to the Report and Recommendation issued by former Magistrate Judge Alistair Newbern in August 2024 ("2024 R&R") (Doc. No. 75) are **OVERRULED**. The 2024 R&R is **ACCEPTED IN PART**, as follows:

(1) The 2024 R&R is **ACCEPTED**, insofar as it recommends that the Motion to Dismiss filed by defendant the Estate of Philip E. Smith ("Smith") be granted and that all claims against Smith be dismissed. Smith's Motion to Dismiss (Doc. No. 43) is hereby **GRANTED**, and all claims against him are **DISMISSED**. The official capacity claims against him for money damages and retrospective injunctive relief are barred by the doctrine of sovereign immunity under the Eleventh Amendment and are **DISMISSED WITHOUT PREJUDICE**. The claims against him in his official capacity are barred by the doctrine of judicial immunity and are **DISMISSED WITH PREJUDICE**.

(2) The 2024 R&R is **ACCEPTED**, insofar as it recommends that the Motions to Dismiss filed by Vicki Hertel and Regal Realty Group (Doc. No. 35) and by Brandon Schneider, Exit Real

Estate Solutions, Doug Rogers, Birthright Title, and Property Title Services (Doc. No. 27) be granted. Those motions (Doc. Nos. 35, 27) are **GRANTED**, and all claims against these defendants are hereby **DISMISSED**. Any claims that seek to undo the sale of real property ordered by Judge Smith in plaintiff Montgomery's divorce are barred by the *Rooker-Feldman* doctrine and are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Any independent claims that are not precluded by *Rooker-Feldman* are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

In addition, the court finds, *sua sponte*, that the First Amended Complaint (Doc. No. 11) fails to state colorable claims under ERISA against defendant Leslie Burnett Montgomery (or any other defendant) that are not barred by the *Rooker-Feldman* doctrine. All ERISA claims, therefore, are **DISMISSED** for lack of jurisdiction.

Having dismissed all claims over which the court has original jurisdiction, the court **DECLINES** to exercise supplemental jurisdiction over any remaining state law claims pending in this case. Accordingly, the entry of default against defendant Thomas Longaberger is **VACATED**, and all remaining state law claims against defendants Longaberger, Leslie Burnett Montgomery, Jonathan Taylor, and William Stover are **DISMISSED WITHOUT PREJUDICE**.

All other pending motions, including Stover's Motion to Dismiss the state law malpractice and fraud claims against him, are **TERMINATED AS MOOT**.

Because this Order dismisses all remaining claims in this case, it is the final Order in this case for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge